### In re Howell W. VINCENT.

Court of Appeals of Kentucky.

June 24, 1955.

Rehearing Denied Oct. 21, 1955.

J. D. Buckman, Jr., Atty. Gen., John B. Browning, Asst. Atty. Gen., for Board of Bar Com'rs.

Wm. A. Young, Frankfort, for respondent.

## PER CURIAM.

The report and recommendation of the State Board of Bar Commissioners that Howell W. Vincent, of Covington, be suspended from the practice of law for two years is before the Court. RCA 3.450. The respondent has filed exceptions and specific pleas of innocence of the charges. He has also filed motions to remand the proceeding to the Board for its further consideration because of certain developments since its report, or, alternatively, that the Court consider the documents submitted in support of the motion. RCA 3.470.

After an investigation by a committee, the local bar of Covington filed with the State Bar Commissioners a complaint consisting of fifteen charges of unprofessional and disreputable conduct. During the course of the investigation by a trial committee of the Board, additional complaints were based upon alleged improper conduct of the respondent towards the members of the local bar committee, upon whose report the original charges were preferred, and upon reprehensible conduct in abusing and threatening violence and exposure of former clients and others who were or may have been witnesses on the investigation.

The record of the trial committee consists of five volumes of testimony and two of exhibits. Upon a critical analysis of the evidence, the committee found the respondent guilty of two charges of unprofessional conduct and five acts of such behavior in his private life as showed that the respondent "has not maintained the required standard of conduct which a man of high moral character" should maintain and that his conduct "was such as to bring the Bar of Kentucky into disrepute." The committee considered what they termed "the major defense offered by the respondent," which was that for six months antedating January, 1953, during which period the acts were committed, his mental condition was abnormal, and that both before and since that period his conduct was above reproach. The committee believed the respondent had suffered "some physical and mental disturbance during this period of time" and regarded that condition in mitigation. The full Board of Commissioners—fourteen in number—unanimously accepted the findings of fact and approved the report, which recommended suspension for two years, and has submitted same to the court.

It is better not to spread at large in the reports of our opinions the details of the gross impropriety and sordid actions of the respondent. Such recitation would be more detrimental and embarrassing to the respondent than merely stating our conclusion that the original record fully supports the findings of fact and justifies his suspension from the practice of law as recommended.

█. It seems to us that the grounds of the motions to remand the proceeding may just as well be considered by the court de novo. The rules of procedure make the findings and recommendation of the Board of Bar Commissioners advisory only and state that they are not binding upon the Court. RCA 3.430. We state the grounds:

(1) An act of unprofessional conduct, of which the Board found respondent guilty, was his making of a verified statement in his suit to annul his marriage of five years, namely, that he had paid his wife's former husband $2,000 to let her have a divorce. He had married her two days thereafter. The Board found upon the respondent's own proof that the statement was false, but, nevertheless, regarded the very making of it to have been unprofessional conduct.

The respondent now shows that an amended petition in his wife's suit sought a divorce on the ground of abandonment only; that a separation agreement had been made a part of a judgment granting her a divorce and giving her the custody of six children with the father's right of visitation. On a reopening of the case and a further proceeding, the respondent was given the custody of the children. A statement of the special judge who tried the case describes the rescue by the respondent of his children from extremely bad conditions in which the mother had kept them. The judge states that the respondent had been taking excellent care of the children and that throughout the hearing he had been cooperative and had conducted himself in "a gentleman-like manner." This may show some reformation in this particular regard but it does not erase or, indeed, mitigate the initial fact of having made the false statement in his pleading described above.

(2) The other item of unprofessional conduct is the misuse of legal processes in litigation with a former client over money transactions. The respondent now shows that the litigation has been settled by agreement, apparently in his favor. But the judgment allowing him credit for fees is no more than what his client had apparently conceded. The essential misconduct and false statements and unethical practice remain reduced but little in character by the subsequent developments.

(3) The Board found the respondent guilty of an unprovoked assault upon one, Foley, a bartender, which had resulted in the respondent's indictment and a suit for damages being brought against him. It is now shown that the indictment has been dismissed on motion of the Commonwealth's Attorney for "a reason stated." What the reason was is not shown. It may have exonerated the respondent or it may not. In the civil suit an order recites that the plaintiff failed to offer any evidence when it was called for trial, and it was dismissed. In any event, the trial committee upon much evidence on this charge found the respondent guilty of an unprovoked assault.

It cannot be said that the dismissals were determinative of the merits of the case. It is a general rule that even an acquittal of an attorney in the prosecution of a criminal case does not affect an adjudication in a subsequent disbarment or disciplinary proceeding based upon the same acts or conduct involved therein. See Notes, 123 A.L.R. 780; cf. In re Wells, 293 Ky. 205, 168 S.W.2d 733. While a mere assault by a lawyer upon another person does not necessarily involve moral turpitude, Annotation 131 A.L.R. 232, the character and nature of the respondent's offense, namely, an unprovoked, violent assault under unsavory circumstances and conditions, which caused great publicity and flaming newspaper headlines, did bring the respondent into disrepute and, indirectly, did cause reflection upon the honorable body of which he was a member.

(4) Another suit for damages had been filed against the respondent in Cincinnati as a result of another brawl in which he participated. The respondent now shows that the attorney representing the plaintiff in that action had withdrawn from the case because his client had told him the respondent had not struck him and "for other reasons" which the attorney "does not now care to disclose." The same comment made next above applies here.

(5) Sufficient cause is not shown for reopening the issue of the respondent's aberration. He submits that he has fully recovered his mental balance and normality, but that the Board did not make a finding to that effect. The Board reviewed the testimony of the respondent's condition and took special notice of his doctor's testimony that he had completely recovered from his emotional upset by January, 1953, which was after most of the incidents had occurred. The respondent's motion for reopening this issue does not prima facie show any reason for doing so. The several cases collected in the Annotation 116 A.L.R. 632, as well as the principal case to which the notes are appended, show that the courts have regarded temporary mental aberration in mitigation or palliation of a lawyer's mis-

conduct but not as reason for complete exoneration. This record does not show that the respondent's mental condition really disabled him from distinguishing between right and wrong, nor do the offenses themselves indicate a deranged mind. It is an outstanding fact that two instances of gross impropriety occurred after his doctor testified he had recovered and while the investigation was being made.

The report of the Board of Bar Commissioners is confirmed and the respondent, Howell W. Vincent, is suspended from the practice of law in this Commonwealth for a period of two years from April 1, 1955.

SIMS, J., not sitting.